**YONG GUI LIU, Petitioner,**

v.

**Alberto R. GONZALES [1], Respondent.**

**No. 04–4475–ag.**

United States Court of Appeals,
Second Circuit.

June 9, 2006.

Yong Gui Liu, pro se, New York, NY.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of

Indiana, Thomas S. Ratcliffe, Assistant United States Attorney, Hammond, IN, for Respondent.

Present: JAMES L. OAKES, AMALYA L. KEARSE and DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Yong Gui Liu, *pro se*, petitions for review of the BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Questions of law, and application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Since the BIA summarily affirmed the IJ's decision, we turn our focus to that decision. Regardless of whether Liu could establish eligibility for asylum based on his wife's alleged forced abortion that took place prior to their marriage, *see Shi*

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 191–92 (2d Cir.2005), we hold that substantial evidence supports the IJ's adverse credibility determination.[2] The IJ identified major problems with Liu's account of his wife's alleged abortion. Liu's failure to mention the abortion, or any of the surrounding circumstances, until the day of his hearing, combined with his wife's failure to mention any of these details in her supporting statement, provided a compelling reason to find Liu incredible. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111–12 (2d Cir.2005). Further, the IJ was entitled to find insufficient Liu's claim that he was "too sad" to mention this experience earlier, and to reject Liu's explanation that he wanted to wait until his hearing to share certain details with the IJ personally, especially after Liu chose to waive direct examination. Likewise, the IJ noted that Liu could have provided documentation of his wife's alleged abortion, which he failed to do. The applicant bears the ultimate burdens of proof and of persuasion, *see* 8 C.F.R. § 1208.13(a). Given the circumstances of Liu's case, the IJ reasonably concluded that Liu failed to meet either burden.

Finally, we lack jurisdiction to address the issue of whether, standing alone, Liu's wife's alleged IUD insertion could constitute persecution because Liu failed to exhaust this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). For the same reason, we lack jurisdiction to address Liu's CAT claim.

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Liu's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** We note that the IJ's adverse credibility finding is arguably implicit. However, the IJ provided a clear explanation of the need for additional corroboration *(e.g.,* medical proof that his wife had an examination and had an abortion) and provided a clear assessment of Liu's reasons for his failure to produce further corroboration *(i.e.,* it was unbelievable that Liu's wife's letter did not mention the abortion because that event was too sad to remember), in addition to his very strong indication of an adverse credibility determination. *Cf. Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (holding that combined lack of (1) explicit adverse credibility finding, (2) explanation of need for additional corroboration, and (3) assessment of petitioner's reasons for failing to produce further corroboration, rendered BIA's ruling unsustainable).